# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

**UNITED STATES OF AMERICA**

V.

**CHRISTOPHER ROCCO VIGIL,**
Defendant

**CRIMINAL COMPLAINT**

CASE NUMBER: 10-MJ-45-D

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

On or about February 18, 2010, in the District of Wyoming, the defendant, **CHRISTOPHER ROCCO VIGIL**, did knowingly fail to appear and surrender pursuant to an order of the United States District Court for the District of Wyoming, directing the defendant to surrender to the custody of the United States Marshals Service pending his sentencing hearing in *United States v. Christopher Rocco Vigil*, USDC-WY 08-CR-108-D,

in violation of **18 U.S.C. § 3146 (a)(1)**. I further state that I am a **Deputy United States Marshal** and that this complaint is based on the following facts:

***See Attached Affidavit***

Continued on the attached sheet and made a part hereof:  ✓ Yes    No

_____
Signature of Complainant
**Justin Stephenson**

Sworn to before me and subscribed in my presence,

**February 25, 2010**           at      **Cheyenne, Wyoming**
Date                                         City and State

**William C. Beaman**
**United States Magistrate Judge**              _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

## AFFIDAVIT OF DEPUTY UNITED STATES MARSHAL JUSTIN STEPHENSON

1. I am a Deputy United States Marshal (DUSM) and have been so employed since September 7, 2003. As a DUSM I have completed 24 weeks of basic training at the Federal Law Enforcement Training Center to include training on violations of federal criminal law. Before becoming a DUSM I was employed by the State of Wyoming as a probation and parole officer for two years. As a probation and parole officer I attended training at the Wyoming Law Enforcement academy. I also have a bachelor's degree in Criminal Justice from Chadron Sate College.

2. During my tenure as a DUSM I have received specialized training in investigations involving Bond Default, Failure to appear, Escape and fugitives.

3. Specifically, I have conducted or assisted with investigations relative to Escape, bond default federal and state fugitives.

4. On February 18, 2010, I began investigating the escape of **CHRISTOPHER ROCCO VIGIL** (**VIGIL**). Unless otherwise noted, the information contained in this Affidavit is based upon my review of the court record in *United States v. Christopher Rocco Vigil*, USDC-WY-08-CR-108-WFD.

5. On May 15, 2008, **VIGIL** was charged by indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was arrested on May 29, 2008, and, on June 4, 2008, he was ordered detained pending trial by United States Magistrate Judge William C. Beaman. After a review of his detention on June 23, 2008, **VIGIL** was released on bond by United States Magistrate Judge R. Michael Shickich.

6. On October 7, 2009, **VIGIL** pleaded guilty to the indictment before Chief United States District Court Judge William F. Downs. **VIGIL** was allowed to remain on bond. I contacted

by telephone, on February 23, 2010, United States Probation Officer Kate Williamson, who had attended **VIGIL**'s change of plea hearing. Officer Williamson explained the court allowed **VIGIL** to remain on bond for medical reasons but informed him that he would be placed in custody at the conclusion of his sentencing hearing. **VIGIL**'s sentencing hearing was originally set to commence on January 12, 2010, but, upon his motions, the court twice continued the sentencing hearing.

7.  Ultimately, **VIGIL**'s sentencing hearing was reset to commence before Chief Judge Downes on February 17, 2010, at 10:30 a.m. The hearing was not held, however, because **VIGIL** failed to appear and his defense counsel informed the court **VIGIL** was taken to the emergency room for medical treatment. During a telephonic status conference, the court reset Vigil's sentencing hearing to commence on March 5, 2010, at 8:30 a.m. In addition, the court ordered the Vigil to self-surrender to the United States Marshal Service in Cheyenne, Wyoming, no later than February 18, 2010, at 11:00 p.m. **VIGIL**'s defense counsel later notified the court that **VIGIL** had been informed of the court's order directing him to self-surrender.

8.  On February 17, 2010, at 11:00 a.m., **VIGIL** failed to self-surrender to the United States Marshal Service in Cheyenne, Wyoming. A warrant for arrest was issued on February 18, 2010.

9.  On February 17, 2010, I contacted **VIGIL**'s pre-trial officer Edgar Ruiz in the District of Colorado. Ruiz said he had phone contact with **VIGIL** and **VIGIL** was aware of the order requiring him to voluntary surrender to the United States Marshal on February 18, 2010, no later than 11:00 a.m.

10.     On February 18, 2010, I interviewed **VIGIL**'s wife Alicia at their home in Evans, Colorado. She stated she had not seen **VIGIL** since February 17, 2010. She said he left after she went to bed and she did not know where he went. She said **VIGIL** knew he was supposed to turn himself in to the United States Marshal's office in Cheyenne on February 18, 2010.

11.     As of February 23, 2010, to my knowledge, **VIGIL** has made no contact with the United States Marshals Service or any other law enforcement agency.

## PENALTY SUMMARY

**DATE:** February 25, 2010

**DEFENDANT NAME:** CHRISTOPHER ROCCO VIGIL

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

**OFFENSE:** 18 U.S.C. § 3146(a)(1)
(Failure to Appear)

**PENALTIES:** NMT 10YEARS IMPRISONMENT - CONSECUTIVE TO THE SENTENCE OF IMPRISONMENT FOR ANY OTHER OFFENSE
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:** Justin Stephenson/USMS   **AUSA:** L. Robert Murray

**ESTIMATED TIME OF TRIAL:**   **INTERPRETER NEEDED:**

✓ five days or less          ___ Yes
___ over five days           ✓ No
___ other

**THE GOVERNMENT:**

✓ will            ___ The court should not grant bond
                      because the defendant is not bondable
___ will not          because there are detainers from other
                      jurisdictions

**SEEK DETENTION IN THIS CASE.**